**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **TOM REYNOLDS,** | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT: |
| **THE CITY OF LAS CRUCES,** | 1. **VIOLATIONS OF THE NEW MEXICO MINIMUM WAGE ACT: FAILURE TO PAY OVERTIME AND OFF THE CLOCK WORK.** |
| Defendant. | 2. **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME AND OFF THE CLOCK WORK.** |
| | 3. **VIOLATIONS OF THE NEW MEXICO MINIMUM WAGE ACT: FAILURE TO PAY FOR HOURS WORKED.** |
| | 4. **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY FOR HOURS WORKED.** |
| | 5. **VIOLATIONS OF THE NEW MEXICO MINIMUM WAGE ACT: FAILURE TO PROVIDE LAST PAYCHECK.** |

**JURY TRIAL DEMANDED.**

**I.  Nature of The Action**.

1. From on or about July 2019 to March 16, 2022, Plaintiff Tom Reynolds worked at the Las Cruces International Airport as an hourly paid employee for Defendant City of Las Cruces. Plaintiff was responsible for airport maintenance for Defendant. Plaintiff was basically a one man show, and did not supervise other employees. Plaintiff painted, mowed, worked on heating, ventilation, and air conditioning, fueled heavy equipment, and completed day and night time runway inspections, among other things. Defendant supervised Plaintiff's work, and controlled important terms and conditions of Plaintiff's employment.

2. In order to complete the required work, Plaintiff regularly worked overtime, and worked off the clock, for which he was not paid. Plaintiff's direct supervisor Andy Hume—the City of Las Cruces Airport Administrator—knew Plaintiff was regularly working overtime because he saw him working at the Airport on the weekends and during odd hours of the day. In addition to failing to pay overtime, Defendant also failed to pay Plaintiff his last paycheck and removed multiple days of pay wrongfully from Plaintiff. Plaintiff has requested payment and Defendant City of Las Cruces refuses to pay.

## II. Parties.

3. Plaintiff Tom Reynolds is a Dona Ana County resident.

4. Plaintiff is a resident and citizen of the State of New Mexico.

5. Defendant City of Las Cruces is headquartered in Las Cruces, New Mexico.

6. Defendant City of Las Cruces operates the Las Cruces International Airport.

7. Plaintiff worked at the Las Cruces International Airport.

## III. Jurisdiction.

8. Federal subject matter jurisdiction exists in this case.

9. Jurisdiction in this Court is proper because Defendant City of Las Cruces' conduct as herein alleged violates the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.,* a federal law.

10. This case presents a federal question.

11. Pursuant to 28 U.S.C. section 1367, the Court also has supplemental jurisdiction over Plaintiff's state law claims.

12. The Court has personal jurisdiction over Defendant because Defendant failed to pay overtime in this Judicial District.

13. Venue in this Court is proper because Defendant engaged in the illegal conduct

giving rise to this Complaint in Las Cruces, New Mexico, which is within this Judicial District.

14. As a proximate result of Defendant's wrongful conduct herein alleged, Plaintiff suffered damage.

15. The New Mexico Minimum Wage Act applies to Defendant City of Las Cruces.

16. The Fair Labor Standards Act applies to Defendant City of Las Cruces.

17. Defendant City of Las Cruces is an employer under the New Mexico Minimum Wage Act.

18. Defendant City of Las Cruces is an employer under the Fair Labor Standards Act.

**IV.     Factual Background To This Litigation**.

19. From on or about July 2019 to March 16, 2022, Plaintiff Tom Reynolds worked at the Las Cruces International Airport.

20. Plaintiff Tom Reynolds was an hourly paid employee.

21. Defendant City of Las Cruces employed Plaintiff for his work at the Las Cruces International Airport.

22. Defendant City of Las Cruces permitted Plaintiff Tom Reynolds to work at the Las Cruces International Airport.

23. Defendant City of Las Cruces determined and/or co-determined at least one of the essential terms and conditions of Plaintiff's employment.

24. Defendant City of Las Cruces provided Plaintiff with tools and/or use of equipment to complete job tasks at the Las Cruces International Airport.

25. Defendant City of Las Cruces determined the tasks Plaintiff performed at the Las Cruces International Airport.

26. Defendant City of Las Cruces determined and/or co-determined the essential terms

and conditions of Plaintiff's work at the Las Cruces International Airport.

27. Defendant City of Las Cruces determined and/or co-determined some of the essential terms and conditions of Plaintiff's work at the Las Cruces International Airport.

28. Defendant City of Las Cruces exercised significant control over Plaintiff's work at the Las Cruces International Airport.

29. Defendant City of Las Cruces exercised some control over Plaintiff's work at the Las Cruces International Airport.

30. Defendant City of Las Cruces had the ability to terminate Plaintiff's work at the Las Cruces International Airport.

31. In fact, Defendant City of Las Cruces terminated Plaintiff from his employment at the Las Cruces International Airport.

32. Plaintiff was terminated on March 16, 2022 by Andy Hume.

33. Andy Hume informed Plaintiff Tom Reynolds he was terminated.

34. Defendant City of Las Cruces had the ability to promulgate work rules for Plaintiff's work at the Las Cruces International Airport.

35. Defendant City of Las Cruces had the ability to set conditions for Plaintiff's work at the Las Cruces International Airport.

36. Defendant City of Las Cruces had the ability to discipline Plaintiff regarding his work and/or conduct at the Las Cruces International Airport.

37. Defendant City of Las Cruces controlled important aspects of Plaintiff's work at the Las Cruces International Airport.

38. Defendant City of Las Cruces provided business cards to Plaintiff Tom Reynolds.

39. Some of the business cards provided by Defendant City of Las Cruces identify

Plaintiff as Operations Manager.

40. A picture of the business cards shows:



41. Some of the business cards provided by Defendant City of Las Cruces identify Plaintiff as Airport Projects Manager.

42. Defendant provided Plaintiff Tom Reynolds an Employee Policy Acknowledgement for CMO COVID SOP for Plaintiff to sign.

43. Defendant expected Plaintiff Tom Reynolds to abide by Defendant's policies and procedures for employees.

44. Defendant City of Las Cruces maintained an Employee Master File for Plaintiff Tom Reynolds.

45. Defendant City of Las Cruces provided an email address to Plaintiff.

46. The email address was treynolds@las-cruces.org.

47. During the time Plaintiff worked at the Las Cruces Airport, Plaintiff's supervisor was Andy Hume.

48. Andy Hume's title was Airport Administrator for Defendant City of Las Cruces.

49. Andy Hume referred to Plaintiff as "our employee" in email(s).

50. Plaintiff submitted his hourly time sheets to Andy Hume.

51. During his employment, Andy Hume provided general instructions to Plaintiff for his work at the Las Cruces Airport.

52. Plaintiff did not supervise employees.

53. Plaintiff did not manage employees.

54. Plaintiff was responsible for airport maintenance and completing various projects.

55. For part of Plaintiff's employment, Plaintiff's wage was $22.00 per hour.

56. In or about November of 2021, Andy Hume provided Plaintiff a raise to $23.00 per hour.

57. Andy Hume approved the raise of Plaintiff's wage to $23.00 per hour.

58. Defendant City of Las Cruces approved the raise of Plaintiff's wage to $23.00 per hour.

59. Due to large amount of maintenance required at the airport, Plaintiff regularly worked more than 40 hours a week.

60. Due to the large amount of work, Defendant knew Plaintiff was going to have to work more than 40 hours a week to complete his work.

61. Plaintiff worked Saturdays and Sundays.

62. Andy Hume knew Plaintiff was working on the weekend because he witnessed Plaintiff working.

63. Andy Hume knew Plaintiff was working off the clock (and overtime) for which Plaintiff was not paid because Andy Hume witnessed Plaintiff working odd hours at the airport.

64. For example, Plaintiff worked when the New Mexico State football team returned from away games.

65. Plaintiff's work when the New Mexico State football team returned from away games often occurred on a Saturday or Sunday.

66. Plaintiff worked at times before 8:00 a.m.

67. Plaintiff worked at times after 5:00 p.m.

68. Andy Hume had knowledge that Plaintiff worked at times before 8:00 a.m.

69. Andy Hume had knowledge that Plaintiff worked at times after 5:00 p.m.

70. In a February 2022 email, Andy Hume acknowledged his "appreciation for Tom's hard work and long hours while we've been shorthanded."

71. Plaintiff was not paid overtime for his work over forty hours per week.

72. During his employment, Plaintiff was not paid overtime.

73. During his employment, Plaintiff was not paid for work performed over forty hours a week.

74. During the period of June 1, 2019 through March 16, 2022, Defendant City of Las Cruces paid no overtime compensation for work performed by Plaintiff.

75. Plaintiff completed work at the Las Cruces International Airport and therefore acted in Defendant's interest.

76. Plaintiff was informed Defendant would not pay overtime.

77. Andy Hume informed Plaintiff to only put 40 hours on his time sheets.

**First Count: Violation Of The New Mexico Minimum Wage Act – Failure To Pay Overtime**

78. Plaintiff Tom Reynolds re-alleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

79. The New Mexico Minimum Wage Act states in relevant part:

    D. An employee shall not be required to work more than forty hours

in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours.

80. Plaintiff worked at the Las Cruces International Airport doing, among other things:

   a) day and night runway inspections;

   b) runway maintenance;

   c) mowing;

   d) painting;

   e) HVAC work;

   f) fueling heavy equipment;

   g) fire hydrant installation; and,

   h) cleaning out the Maintenance Shop.

81. Defendant City of Las Cruces knew or should have known one person could not complete all the tasks required for airport maintenance while working only 40 hours per week.

82. Defendant City of Las Cruces knew or should have known Plaintiff regularly worked at the Airport more than forty hours per week.

83. As herein alleged, Andy Hume knew Plaintiff was working overtime without pay and failed to take remedial steps to address the failure.

84. Andy Hume took advantage of Plaintiff.

85. Defendant City of Las Cruces knew or should have known Plaintiff's timesheets did not list all of Plaintiff's actual hours.

86. Plaintiff's timesheets were submitted to Andy Hume.

87. During Plaintiff's employment, Plaintiff worked off the clock.

88. During Plaintiff's employment, Plaintiff worked overtime for which he was not paid.

89. Defendant City of Las Cruces did not pay Plaintiff for his off the clock work.

90. Defendant City of Las Cruces did not pay Plaintiff for his overtime work.

91. Under the New Mexico Minimum Wage Act, Defendant owes Plaintiff treble damages, interest, reasonable attorneys' fees and costs, among other things.

**Second Count: Violation Of The Fair Labor Standards Act – Failure To Pay Overtime**

92. Plaintiff Tom Reynolds re-alleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

93. Under the FLSA, an employer must pay hourly employees, such as Plaintiff, an hourly rate equal to one and one half times their regularly hourly rate for each hour over forty worked during a standard workweek.

94. As herein alleged, during Plaintiff's employment with Defendant, Plaintiff regularly worked over forty hours in a standard workweek, with Defendant's knowledge, yet was not paid overtime.

95. Despite being required to do so, Defendant failed to provide Plaintiff with all earned overtime pay on occasions where Plaintiff worked more than 40 hours in a workweek.

96. Defendant knew, or should have known, Plaintiff was entitled to overtime wages, yet willfully refused to provide Plaintiff his earned overtime wages.

**Third Count: Violation Of The New Mexico Minimum Wage Act – Failure To Pay for All Hours Worked**

97. Plaintiff Tom Reynolds re-alleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

98. Briana Borrego, Defendant City of Las Cruces Operations Manager, requested Plaintiff work Christmas and New Year's.

99. Plaintiff worked Christmas and New Year's.

100. Although Plaintiff was initially paid for this work (non-overtime), Defendant then removed the pay from a later paycheck.

101. The pay should not have been removed.

## **Fourth Count: Violation Of The Fair Labor Standards Act – Failure To Pay for All Hours Worked**

102. Plaintiff Tom Reynolds re-alleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

103. The Fair Labor Standards Act requires employers, such as Defendant, to pay their employees, such as Plaintiff, for all hours worked or permitted to be worked.

104. As herein alleged, Plaintiff provided work for Defendant, including working Christmas and New Year's, for which he was not paid.

## **Fifth Count: Violation Of The New Mexico Minimum Wage Act – Failure To Provide Last Paycheck**

105. Plaintiff Tom Reynolds re-alleges and incorporates by reference each allegation contained in each aforementioned paragraph as though fully set forth herein.

106. Plaintiff was terminated on March 16, 2022 by Andy Hume.

107. Andy Hume informed Plaintiff Tom Reynolds he was terminated.

108. On or about April 21, 2022, Plaintiff informed Gail Estell, the City of Las Cruces EEO/ADA Coordinator, that he had not been paid his final paycheck.

109. Defendant City of Las Cruces did not pay Plaintiff his last paycheck.

110. Plaintiff made a demand for his final paycheck.

111. Plaintiff provided notice to Defendant City of Las Cruces' human resources department that he was not paid his final paycheck.

112. Defendant failed to pay Plaintiff his final paycheck with 5 days as required by N.M.S.A. § 50-4-4.

113. Defendant therefore violated N.M.S.A. § 50-4-4.

## V. **PRAYER FOR RELIEF**.

Plaintiff Tom Reynolds respectfully prays for judgment against Defendant as follows:

1. For all Counts as allowable by law:

    a. judgment be entered in favor of Plaintiff against Defendant;

    b. damages, in a sum according to proof at trial and as allowable by law;

    c. punitive damages and/or exemplary damages, in a sum according to proof at trial and as allowable by law;

    d. all relief allowable under N.M.S.A. § 50-4-4, including 60 days of pay following Plaintiff's termination.

    e. an award of costs as allowed by law;

    f. all relief allowed under the law; and,

    g. such other and further relief as the Court may deem proper.

2. For all Counts under the New Mexico Minimum Wage Act:

    a. judgment be entered in favor of Plaintiff against Defendant;

    b. damages, in a sum according to proof at trial and as allowable by law;

    c. treble damages pursuant to NMSA 50-4-26(C);

    d. trial and as allowable by law;

    e. all relief allowable under N.M.S.A. § 50-4-4, including 60 days of pay following Plaintiff's termination;

    f. interest;

   g. injunctive relief pursuant to NMSA 50-4-26(F), including a Court order requiring Defendant to post in the place of business a notice describing violations as found by the court or a copy of a cease and desist order;

   h. an award of reasonable attorneys' fees NMSA 50-4-26(E);

   i. an award of costs as allowed by law NMSA 50-4-26(E); and,

   j. such other and further relief as the Court may deem proper.

 3. For the Counts brought under the FLSA:

   a. an award equal to the overtime wages Plaintiff earned yet was not paid, for the period beginning three years before the date of this Complaint's filing, plus interest;

   b. liquidated damages equal to twice the amount of unpaid overtime wages;

   c. reasonable attorneys' fees and costs;

   d. economic and non-economic damages;

   e. all damages allowed by law;

   f. ordering Defendant to provide mandatory and meaningful training to all managers and employees in Las Cruces, New Mexico regarding the FLSA;

   g. ordering Defendant post in its places of business a notice describing the violations by Defendant as found by this Court or a copy of a cease and desist order applicable to Defendant; and,

   h. such other and further relief as the Court may deem proper.

Dated: January 9, 2023.      Respectfully submitted,
                *By: Ben Furth*
                Ben Furth (Bar No. 121402)
                Paul Darby Hibner (Bar No. 145573)
                The Furth Law Firm, P.A.

780 South Walnut N. 5
Las Cruces, New Mexico 88001
Telephone:	575-522-3996
Facsimile:	575-532-5815

*Attorneys for Plaintiff*