## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**TOM REYNOLDS,**

    **Plaintiff,**

    vs.                              Case No.: 2:23-cv-00022-GJF-KRS

**THE CITY OF LAS CRUCES,**

    **Defendant.**

## STIPULATED CONFIDENTIALITY ORDER

    THIS COURT, having noted the stipulation and agreement of the parties to the entry of this Order, and finding its entry just and appropriate, finds that the disclosure of certain discovery includes confidential information that may be or are subject to the terms of privacy laws, and that disclosure of such information may or will implicate the privacy and confidentiality rights of some or all of the parties or of third persons not a party to this lawsuit. Therefore, the Court **ORDERS** as follows:

    1.    This Confidentiality Order shall govern the use, production, inspection or other disclosure of certain records, information, documents, materials, items, or things (hereafter "Confidential Material") produced or disclosed during the course of this litigation, including appeals.

    2.    To qualify as "Confidential Material", the producing party must have a good faith basis the information is protected by privacy law(s), trade secrets, or other proprietary confidential information.

3. Information within documents containing social security number(s), dates of birth, and banking account number(s) may be redacted, but documents containing such information are not "Confidential" merely because they contain that information.

4. Confidential Material may be so designated by marking (either by type, writing, or printing) each item or page with the word "CONFIDENTIAL."

5. The disclosure of Confidential Material shall be limited to the parties (or their officers, employees or agents to whom it is necessary that such information be shown in the preparation for trial in this action), attorneys for the named parties in this action (including the employees of counsel, stenographic, video and court reporters, the Court (including through the Court's electronic filing system), the Jury, to witnesses or prospective witnesses, and such outside experts and/or consultants employed by the parties or their counsel for this civil action only. All such persons shall use such Confidential Material solely for the litigation of the above-captioned matter and for no other purpose.

6. Confidential Material received from any party shall not be used by the receiving party for any purpose aside from the trial or preparation for trial in the above-captioned matter.

7. Counsel shall sequester, destroy, or return items designated as Confidential Material to the producing party or destroy such items at the conclusion of this matter. This Confidentiality Order shall continue in full force as to all of the parties and persons subject to the Confidentiality Order during this pending action. It shall survive any full and final judgment, dismissal or disposition of the matter, unless and until either amended or superseded by express order of this Court.

8. Nothing contained in this Confidentiality Order, and no action taken pursuant to this Order shall prejudice the right of any party to contest the purported relevance, admissibility, or discoverability of documents sought or subject to this Confidentiality Order.

9. Nothing contained in this Confidentiality Order shall preclude any party from seeking and obtaining, on appropriate showing, relief from this Confidentiality Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Order.

10. After meeting and conferring in good faith, a party may challenge the confidential designation of any information by Motion to the Court. The party who marked the document confidential has the burden to show the document is confidential and the Court may award reasonable attorneys' fees and costs if it determines the document was not designated confidential in good faith.

11. The parties may designate as confidential any material produced by either of them prior to the Court's entry of this Confidentiality Order, simply by informing the other party of the Bates Numbered documents deemed confidential. Any documents so designated will be treated as confidential in accordance with this Order.

12. No party shall waive, by the terms of this Order, any privilege or immunity claimed as a result of attorney-client communications and/or work-product.

13. The Court further finds that the entry of this Order will expedite discovery by facilitating prompt resolution of disputes over confidentiality.

14. If Confidential Material is filed with the Court, it shall be filed with attorneys eyes only as allowed under the electronic filing system.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE

Prepared & submitted by:

*/s/ (approved via e-mail 5-25-2023)*
Blaine T. Mynatt
Robert A. Cabello
NM Bar No. 28225
P.O. Box 2699
Las Cruces, NM  88004
(575) 524-8812
btm@mmslawpc.com
rac@mmslawpc.com

*Attorneys for Defendant*

Approved by:

*/s/ Ben Furth*
Ben Furth
Paul D. Hibner
The Furth Law Firm, P.A.
benfurth64@yahoo.com
Paul.hibner.work@gmail.com

*Attorneys for Plaintiff*